White, J.
The court erred in the admission in evidence of the reports of the mercantile agency. The question in issue was whether Carter Cook was a member of the firm at the time the goods were ordered and the note was given; or, if ho was not a partner in fact, whether his conduct was such in re *139 gard to tlie transaction that the plaintiffs were authorized to charge him as such partner. There is nothing in the evidence to show that the defendant authorized these reports or was in an}7 wTay connected with them. They cannot, therefore, be used to charge him with liability. So, also, is the testimony of the witness, "Waters, incompetent, that on the same day he got the order ho inquired at the store of Dunn & Witt, who were the partners in the firm of Rail & Cook, and was informed by the book-keeper that Carter Cook was one of the partners. R ho was ignorant of whom the firm was composed his duty was to make inquiry of those he was about to credit, and not of strangers.
The case was tried to the court, and if the finding ought to have been for the plaintiffs, upon the competent evidence in the case, the defendant would not have been prejudiced by the admission of the incompetent evidence. But from an examination of the record, we cannot say that such is the case. It seems to us that the court took an erroneous view of the case, and was influenced in reaching its conclusion by the incompetent evidence.
The plaintiffs never dealt with the old firm ; nor does it appeal-, as wo understand the record, that they knew of what persons it was composed until long after its dissolution.
Whether Carter Cook was guilty of such negligence by leaving the printed letter heads of the old firm in the possession of the new, as would charge him as a partner where credit was obtained by their use, wo need not now inquire, for it does not appear that they operated to obtain such credit. Waters, who took the order and had it filled, as he states, says that he did not notice the individual names on the order; and, ■ consequently, he could not have given credit to Carter Cook by reason of his name being printed thereon.

Judgment reversed and cause remmdedfor a new trial.